# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>JUAN DANIEL ROMERO-MARTINEZ,<br><br>   Defendant-Movant. | Criminal Case  No. 10cr3592-BTM<br>Civil Case No. 12cv2204-BTM<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY** |

Juan Daniel Romero-Martinez ("Defendant") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant raises an ineffective assistance of counsel claim, alleging that he suffered prejudice as a result of his attorney's failure to argue for a minor role adjustment during sentencing. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

In an Information filed on September 9, 2010, Defendant was charged with conspiracy to distribute 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 33.) Defendant waived indictment and subsequently pled guilty pursuant to a plea agreement. (ECF No. 83, "Plea Agreement.") In the Plea Agreement, Defendant acknowledged that he was subject to an enhanced penalty because the offense involved 50

grams or more of methamphetamine, which was a minimum of 10 years in prison. (Plea Agreement 3, 5.)

During sentencing, the Court adopted a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(a),(c). The government recommended a three-point adjustment for acceptance of responsibility under § 3E1.1, which the Court also adopted. The Court found Defendant had a Criminal History Category III, which resulted in an adjusted offense level of 31 and guideline range of 135 to 168 months. The Court, however, found that a 120-month sentence, the minimum mandatory, would be appropriate to accomplish the purposes of § 3553(a).

Prior to sentencing, the government filed a motion under 18 U.S.C. § 3553(e), recommending a sentence term of 108 months. In response, the Court adopted a departure to 96 months. The Court therefore sentenced Defendant to a 96-month term of imprisonment and a 5-year term of supervised release. (Judgment, ECF No. 192.)

## II. DISCUSSION

Defendant alleges that his attorney provided ineffective assistance by failing to argue for a minor role adjustment at sentencing. This claim fails.

A.　Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Defendant must satisfy a two-prong test: Defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance caused him prejudice. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). When considering a claim of deficiency, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To show prejudice, Defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

//

Defendant's claim fails for multiple reasons. First, Defendant's counsel did in fact argue for a minor role adjustment during sentencing. (Sentencing Hrg. Tr. 8.) Specifically, counsel for Defendant argued, "[Defendant] was basically at a considerably lower level than some of the other players in this particular instance." (Id. at 13.) The Court specifically referred to counsel's argument as one for a minor role. (Id. at 8:4-10.) Thus, counsel for Defendant did in fact argue that the Court should consider Defendant's "lower level" during sentencing.

Second, Defendant has not satisfied his burden of establishing that he was a minor participant. "Whether a defendant is a 'minor' or 'minimal' participant in the criminal activity is a factual determination subject to the clearly erroneous standard. The defendant bears the burden of proving that he is entitled to a downward adjustment based on his role in the offense." United States v. Cantrell, 433 F.3d 1269, 1282 (9th Cir. 2006) (internal citation and quotation marks omitted). Although Defendant argued that he was at a "considerably lower level than some of the other players," the Court finds that he was not a minor participant because he was a methamphetamine seller who was documented selling on at least eight occasions. (See Sentencing Hrg. Tr. 5.); see United States v. Awad, 371 F.3d 583, 591 (9th Cir. 2004) (finding the defendant's role was neither minimal nor minor when the defendant actually brokered the drug deal); United States v. Ruelas, 106 F.3d 1416, 1419 (9th Cir. 1997) (finding "[the defendant] is not entitled to a reduction in his sentence simply because he was tied to a larger drug trafficking scheme").

Third, even if Defendant's counsel did not argue for a minor role, there is no prejudice. Defendant was subject to a mandatory minimum of 10 years under 21 U.S.C. § 841(b)(1)(A)(viii), which he acknowledged in the Plea Agreement. (Plea Agreement 5). According to the Ninth Circuit, "the plain language and structure of § 3553 indicate that only subsections (e) and (f) permit a district judge to reject a mandatory minimum sentence." United States v. Wipf, 620 F.3d 1168, 1170 (9th Cir. 2010). Here, the safety valve provision in § 3553(f) was unavailable due to Defendant's criminal history. Thus,

the Court only had discretion to depart below the mandatory minimum under § 3553(e).

However, "[w]hen the district court grants a waiver of the mandatory minimum pursuant to §3553(e), the departure establishes the new minimum sentence for the defendant, and the court may not reduce the sentence further on the basis of the § 3553(a) factors." United States v. Jackson, 577 F.3d 1032, 1036 (9th Cir. 2009). Thus, when the Court granted a two-level departure based on the government's substantial assistance motion, which resulted in a 96-month sentence, that departure established the new minimum sentence for Defendant. The Court, however, may not reduce the sentence further based on § 3553(a) factors, including a minor role adjustment. See id.; see also United States v. VanDoren, 182 F.3d 1077, 1083 (9th Cir.1999) ("[The] district court does not have the discretion to consider mitigating factors and cannot apply the downward departures of the Sentencing Guidelines to reduce a sentence below the minimum mandated by Congress.") (internal quotation marks and citation omitted). Accordingly, Defendant has not suffered prejudice, and the instant § 2255 motion fails.

### III.  CONCLUSION

Defendant has not stated a claim for ineffective assistance of counsel. The Court therefore **DENIES** Defendant's § 2255 motion and **DENIES** a certificate of appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: December 14, 2012

_____
**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge